## TRIAL OF PRINCIPAL AND ABETTOR.

Circuit Court of Cuyahoga County.

STATE OF OHIO v. FRANK NOWAK.

Decided, November 18, 1907.

*Criminal Law—Aider and Abettor.*

An aider and abettor can not be convicted in the same proceeding and
by the same jury which acquits his principal.

*N. D. Baker*, City Solicitor, for plaintiff.

*J. A. Thompson*, contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error is brought to reverse the judgment of
the court of common pleas, setting aside the judgment of the
police court of the city of Cleveland, whereby Frank Nowak was
convicted of aiding and abetting extortion by a special con-
stable, one Anton Novak. The affidavit under which both men
were arrested and tried charges the offenses defined by Sections
6909 and 6804, Revised Statutes. The accused were jointly tried,
the principal being acquitted and the aider and abetter convicted.

The manifest anomaly of this situation is here sought to be
justified by the city solicitor, who contends that there is no neces-
sary contradiction therein. It is suggested that the jury's verdict
may well have proceeded upon some assumption not affecting the
merits of the transaction, as, for example, that Anton Novak's
appointment as special constable was defective, or that he asked
unwittingly the excessive fees which he exacted. If the jury be-
lieved either of these things to be true, their acquittal is ex-
plained by their inability to find that he was "An officer  *  *
*  who knowingly asks," etc., within the meaning of the extor-
tion statute. This, they could do, it is urged, concurrently with
finding that the defendant in error here aided and abetted the
perpetration of the extortion which was actually committed.

It is undoubtedly true that an aider and abetter may be con-
victed without previous trial of the principal, but we do not

think it is true that an aider and abetter can be convicted in the same proceeding and by the same jury that acquits his principal.

Section 6804, Revised Statutes, provides that "whoever aids, abets, or procures another to commit any offense may be prosecuted and punished as if he were the principal offender."

This defines a substantive offense, but it is not utterly independent of the principal's offense, whatever that may be. No one can aid another to commit an offense, if that other does not commit the offense. An act may be ever so reprehensible morally without being criminal, unless a statute defines it as such. The statute defining the offense of aiding and abetting makes the existence of that offense depend upon the actual perpetration of some other offense by the person who is aided and abetted. If the principal is the person who is not guilty of any offense, or if, in other words no offense has been committed, then there can have been no aiding or abetting thereof.

We find no error in the judgment of the court of common pleas and the same is affirmed.